UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANICE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:08-cv-471-WTL-WGH |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, and | ) | |
| THE ROSE-HULMAN INSTITUTE | ) | |
| OF TECHNOLOGY GROUP | ) | |
| DISABILITY INCOME INSURANCE PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING
## MOTION FOR PROTECTIVE ORDER

This matter is before the Honorable William G. Hussmann, Jr., United

States Magistrate Judge, on Defendants' Motion for Protective Order Pursuant to

Federal Rules of Civil Procedure 26(c) filed by Hartford Life and Accident

Insurance Company ("Hartford") and Rose-Hulman Institute of Technology

Group Disability Income Insurance Plan (the "Plan") (collectively "Defendants")

on April 10, 2009.  (Docket No. 20).  Defendants filed a Brief in Support of their

motion on April 13, 2009.  (Docket No. 21).  Plaintiff, Anice Anderson, filed a

Response on April 17, 2009.  (Docket No. 22).  Defendants filed a Reply on May

7, 2009.  (Docket No. 30).

The Magistrate Judge, being duly advised, **GRANTS** the Motion for

Protective Order.

**Background**

Plaintiff argues that the recent Supreme Court case of *Metropolitan Life Ins. Co. v. Glenn,* ___ U.S. ___, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), entitles her to additional discovery beyond the evidence included within the administrative record.  Specifically, Plaintiff asserts that *Glenn* entitles her to conduct discovery to determine if Hartford, as both the plan administrator and payor of long-term disability ("LTD") benefits, was biased in its decision-making process and that this bias resulted in an abuse of discretion when Hartford denied Plaintiff LTD benefits.  Plaintiff claims that *Glenn* permits such discovery since a plan administrator that is also a payor of benefits has an inherent conflict of interest.

Hartford argues that under the Seventh Circuit's decision in *Semien v. Life Ins. Co. of North America,* 436 F.3d 805, 815 (7th Cir. 2006), discovery is limited to exceptional cases; an ERISA plaintiff must identify a specific conflict of interest or instance of misconduct and then must make a *prima facie* showing that there is good cause to believe that limited discovery will reveal a procedural defect in the plan administrator's decision.  Furthermore, Hartford asserts that *Glenn* has not abrogated these standards set forth in *Semien.*

**Discussion**

When a plaintiff challenges a denial of benefits under ERISA, the court applies one of two standards of review.  The default standard is *de novo* review. *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).  Where, however, a benefit plan gives the claims

administrator discretion to determine benefit eligibility or interpret plan terms, the standard is deferential; courts must affirm benefit denials that are not proven to be arbitrary and capricious.  *Id.*[1]

When the deferential standard applies, ERISA proceedings in federal court are usually restricted to reviewing the record that the plan administrator had when it denied benefits.  *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975, 981-82 (7th Cir. 1999).  So long as that general rule applies, the Federal Rules do not permit discovery into anything other than the administrative record; nothing else is relevant for Federal Rule of Civil Procedure 26(b)(1) purposes.  *See id.*

In this case, Harfford had discretionary authority to decide benefit claims.  Thus, pursuant to *Firestone,* 489 U.S. at 115, and *Glenn,* 128 S.Ct. at 2348, the deferential standard of review applies.[2]

When courts analyze an ERISA case using the deferential standard of review, the Seventh Circuit has explained that "discovery is normally disfavored" and will only be available under "exceptional circumstances."  *Semien,* 436 F.3d

---

[1]Under the arbitrary and capricious standard, a court must uphold a plan's decision if:  (1) it is possible to offer a reasoned explanation based on the evidence for a particular outcome; (2) the decision is based on a reasonable explanation of the relevant plan documents; or (3) the administrator has based its decision on a consideration of the relevant factors that encompass the important aspects of the problems.  *Houston v. Provident Life and Accident Insurance Company*, 390 F.3d 990, 995 (7th Cir. 2005).

[2]Plaintiff's claim in her Amended Complaint is that the court must conduct *de novo* review.  However, the court has reviewed Harfford's Plan documents and notes the paragraph "discretionary authority."  This paragraph clearly and unequivocally grants discretionary authority to the plan administrator – Harfford.  (Ex. 3).

at 814-15.  Limited discovery is only permitted after an ERISA plaintiff has
identified a specific conflict of interest or instance of misconduct and afterward
makes a *prima facie* showing that there is good cause to believe that limited
discovery will reveal a procedural defect in the plan administrator's decision.  *Id.*
at 815.

Two years after the Seventh Circuit's decision in *Semien*, the Supreme
Court decided *Glenn*.  While not a case concerning discovery matters, *Glenn*
attempts to clarify what circumstances give rise to a conflict of interest.  An
inherent conflict of interest exists when an entity both funds an ERISA plan and
conducts the benefits determination.  *Glenn*, 128 S.Ct. at 2348-49.  Even when
courts are presented with such a conflict of interest, *Glenn* advised against the
creation of "special burden-of-proof rules, or other special procedural or
evidentiary rules, focused narrowly upon the evaluator/payor conflict."  *Id.* at
2351.

However, the Supreme Court did provide guidance concerning the manner
in which such inherent conflicts of interest should be evaluated.  First, the Court
noted that any one factor, including conflicts of interest, "act[s] as a tiebreaker
when the other factors are closely balanced, [with] the degree of closeness
necessary depending upon the tiebreaking factor's inherent or case-specific
importance."  *Glenn,* 128 S.Ct. at 2351.  Second, it noted that a conflict becomes
"more important (perhaps of great importance) where circumstances suggest a
higher likelihood that it affected the benefits decision," and "less important

(perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy." *Id.*

In light of the fact that *Glenn* is not a case that specifically deals with the discovery process, there has been some confusion concerning whether or not *Glenn* supercedes *Semien* and requires a different approach to the discovery process in this type of case. *Glenn* counsels the court to refrain from creating additional discovery procedures. *Glenn* states the following:

> Neither do we believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict. In principle, as we have said, conflicts are but one factor among many that a reviewing judge must take into account. Benefits decisions arise in too many contexts, concern too many circumstances, and can relate in too many different ways to conflicts–which themselves vary in kind and in degree of seriousness–for us to come up with a one-size-fits-all procedural system that is likely to promote fair and accurate review. Indeed, special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress.

*Id.*

In an attempt to avoid "further complexity," and to avoid additional time and expense engendered by building discovery into every case, this Magistrate Judge believes he should continue to apply *Semien's* standard in this Circuit – since that case has yet to be reversed. The procedures set forth in *Semien* should continue to lead to resolution of the vast majority of benefit denial cases before the court. *Glenn* recognizes that in a limited number of cases – where a tiebreaker must be considered – a judge may authorize more discovery. This

Magistrate Judge will only add discovery procedures in those exceptional cases where – after a review of the administrative record and the arguments found in the parties' briefs – the extent of the administrator's conflict is a key "tiebreaking factor."[3]

Because a conflict of interest is only one of many factors to be considered by the judge in deciding the case, discovery of the extent of the conflict should be *deferred* until a district court judge has examined the record and finds that the case is a close call.  As such, after full briefing has occurred in ERISA denial of benefit cases, the court may be confronted with three situations.  First, the district court may be able to ascertain that the decision is clearly arbitrary and capricious without further inquiry as to the exact degree the conflict has affected the decision.  If so, the decision may be reversed.  On the other hand, even where a decision maker has a conflict of interest, it may be so clear from examining the administrative record that the decision was not arbitrary and capricious that further discovery concerning the nature of the conflict is not warranted.  The third category involves cases in which the evidence of record is closely balanced, and an examination of the extent of the conflict is necessary to tilt the balance one way or the other.  In this third category of cases, determining the degree of conflict of interest may be necessary to act as the "tiebreaker"

---

[3]It should be noted that in this case, the defendant admits that it has an inherent conflict of interest.  Discovery will be helpful to establish what measures the defendant has or has not taken to address this conflict, but discovery will never completely eliminate the fact that the defendant does benefit financially to some degree by denying the claim.

among the factors the court may consider.  Under those circumstances, further discovery and briefing would be warranted for that particular category of case.

At this point, Plaintiff fails to show that Hartford's conflict of interest fits the *Semien* exception.  As *Glenn* has determined, simply alleging that Hartford has a financial interest in denying Plaintiff's claim is insufficient to satisfy the exception in abuse of discretion standard cases and allow limited discovery.  Most insurers have a general financial interest in deciding claims.  Nonetheless, this general financial interest, alone, does not satisfy the standard in *Semien* and is inconsistent with *Glenn's* focus of case-specific factors.

The arbitrary and capricious standard applies to this case, and Plaintiff has failed to meet the exception.  Therefore, the court's review is limited to the administrative record, and the defendants' Motion for Protective Order (Docket No. 20) is **GRANTED** at this time.  It is premature to determine whether the record will show that this is a "close-call" case requiring further discovery.  If further discovery of the extent of the conflict is made necessary after final briefing, Judge Lawrence may yet issue an order for further discovery on this issue.

**SO ORDERED.**

**Dated**: June 10,  2009

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Elizabeth A. McDuffie
GONZALEZ SAGGIO & HARLAN, LLP
liz_mcduffie@gshllp.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com