UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANICE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:08-cv-471-WTL-WGH |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, and | ) | |
| THE ROSE-HULMAN INSTITUTE | ) | |
| OF TECHNOLOGY GROUP | ) | |
| DISABILITY INCOME INSURANCE PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S
## MOTION TO UNSEAL DOCUMENTS

This matter is before the Honorable William G. Hussmann, Jr., United

States Magistrate Judge, on Plaintiff's Motion to Unseal Documents filed March 5,

2010. (Docket Nos. 80-82). Defendants' Response in Opposition to Plaintiff's

Motion to Unseal Documents was filed March 24, 2010. (Docket No. 91). Plaintiff

filed a Reply in Support of her motion on March 30, 2010. (Docket No. 94).

The Magistrate Judge, being duly advised, now **DENIES** the Plaintiff's

Motion to Unseal Documents.


### Analysis

Plaintiff brings this action alleging that Defendants have improperly denied

her claims for disability benefits. In February 2009, Plaintiff served

Interrogatories and Requests for Production of Documents on Hartford Life and

Accident Insurance Company seeking information related to the nature and extent of Hartford's structural conflict of interest in Plaintiff's claim. After this court concluded that discovery should be conducted, the parties then entered into a Stipulated Protective Order and Confidentiality Agreement ("Protective Order"), and this court entered the Protective Order as proposed by the parties. (Docket No. 68).

The Protective Order provides, in pertinent parts, as follows:

3.    Documents . . . designated "CONFIDENTIAL" shall be documents, material and information that is proprietary, a trade secret, confidential, or implicates common law and statutory privacy interests, including, without limitation, compensation information, financial information, policy or procedure manuals, training guidelines, instruction memoranda, contracts and agreements with third parties or their employers . . . . CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case, and except as authorized by the strict terms of this Protective Order. The parties agree that information and/or documents related to Defendants' answer to Plaintiff's Interrogatory Nos. 1, 3, 4 and 13 and responses to Plaintiff's Request for Production Nos. 1, 4, 7, 9, 11, 12, and 19 shall be considered CONFIDENTIAL information and shall be governed by this Protective Order.

* * * * *

9.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. . . . If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within 10 business days, consistent with the Federal Rules of Civil Procedure and Local Rules, requesting that the Court determine whether the disputed

information should be subject to the terms of this Agreed Protective Order. . . .

\* \* \* \* \*

11.   Should a party desire to offer into evidence or submit to the Court any CONFIDENTIAL information . . . as summary judgment evidence, . . . the party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown.  The parties agree that once documents are labeled as Confidential and filed under seal with the Court, the documents are proprietary information and if released would damage Defendant Hartford Life and Accident Insurance Company competitively in the marketplace.

\* \* \* \* \*

14.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

\* \* \* \* \*

17.   Any party to this litigation or any interested member of the public may challenge the sealing of particular documents under this Protective Order by application to the Court.

Plaintiff now seeks to unseal certain documents designated as confidential by Hartford.  These documents were produced specifically under the requests for production described in paragraph 3 of the Protective Order.  These documents are relied upon by Plaintiff in support of a brief in opposition to a summary judgment motion.

Plaintiff argues the public's right of access in judicial proceedings as the basis for unsealing.  In this case, however, the issue is whether this Magistrate Judge should amend the parties' previous Protective Order.  A protective order

entered under Rule 26 of the Federal Rules of Civil Procedure is like any other interim order of this court.  While such an order can be modified, there must be a showing of good cause.  *See, e.g.,* Local Rule 16.1(f) (with respect to deadlines established at pretrial conferences) and Federal Rule of Civil Procedure 26(c)(1) (requiring that good cause shown be made before a protective order issues).

In this case, the particular Protective Order signed by this court allows Plaintiff to object to the designation of information as confidential when it is produced.  If Plaintiff objected to the designation as "confidential," she then had the opportunity to request that the court determine whether the information produced as confidential should remain so.  In this case, there is no indication before the court that Plaintiff objected to the information being designated as confidential when it was first produced, nor does the record reflect that the court was asked to determine whether this information should remain confidential prior to the time Plaintiff wishes to use it.

In this case, the parties specifically agreed (at paragraph 11 of the Protective Order) that once the documents are labeled as confidential and filed under seal with the court, the documents are proprietary information, and if released, would damage Hartford competitively in the marketplace.  Having made this agreement, Plaintiff has not advanced any other reason why such information should be unsealed other than a generalized argument that members of the public should know this information, or that future potential plaintiffs who

sue Hartford may have an easier time obtaining this information in future litigation.

In the Magistrate Judge's opinion, neither of these rationales for the unsealing of this information, which Plaintiff has previously stipulated would damage Hartford competitively in the marketplace, amounts to good cause shown to allow this court to amend or change the previously issued order of this court. The Magistrate Judge believes that the appropriate time to challenge the designation of confidential within the scope of this Protective Order was at the time the material was originally produced with that designation.  To allow otherwise vitiates the protections found within the Protective Order.  The Protective Order entered into by the parties and stipulated to in this case requires the court to continue to keep this material under seal, at least until the conclusion of this litigation, or unless there is a challenge brought by a member of the public.  It is unfair, in the Magistrate Judge's opinion, for Defendants to be required to publicly produce competitively damaging information in the marketplace (as agreed by Plaintiff) after it is filed under seal with the court, when an appropriate mechanism existed for Plaintiff to challenge that designation prior to the use of the materials in opposition to the Motion for Summary Judgment.

## Conclusion

Therefore, because Plaintiff has not shown good cause why the prior Protective Order should be amended, or why the designation of confidential with

respect to the materials provided in this case should be changed, the Plaintiff's

Motion to Unseal Documents is **DENIED.**

       **SO ORDERED.**

**Dated:**  April 6, 2010

                                  William G. Hussmann, Jr.
                                  United States Magistrate Judge
                                  Southern District of Indiana

<u>**Electronic copies to**</u>:

Elizabeth A. McDuffie
GONZALEZ SAGGIO & HARLAN, LLP
liz_mcduffie@gshllp.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com