# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | |
|---|---|
| ANICE ANDERSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )  **Cause No. 2:08-cv-471-WTL-WGH** |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE, et al., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ENTRY ON MOTION FOR ATTORNEYS' FEES

Before the Court is the Plaintiff's Motion for Attorney Fees (Docket No. 122).  This motion is fully briefed, and the Court being duly advised, now **GRANTS** the Plaintiff's motion for the reasons, and to the extent, set forth below.

The extensive facts of this case are set forth in the Court's Summary Judgment Entry (Docket No. 119).  Instead of repeating the facts, the Court merely incorporates them as if they were fully set forth herein.

According to 29 U.S.C. § 1132(g)(1), in a civil action for benefits "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Historically, when determining whether to award attorneys' fees in an ERISA case, the Court first determined whether the fee claimant was a prevailing party.  However, in *Hardt v. Reliance Standard Life Insurance Co.*, 130 S.Ct. 2149, 2152 (2010), the Supreme Court altered this inquiry and held that "a court 'in its discretion' may award fees and costs 'to either party,' as long as the fee claimant has achieved 'some degree of success on the merits.'" Here, there is no dispute that "Plaintiff has achieved 'some degree of success on the merits' of her case."  Docket

No. 131 at 2.

Accordingly, the Court must now determine whether a fee award is appropriate. In making this inquiry, the Seventh Circuit applies two tests. The first test looks to five factors: (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy personally an award of attorney's fees; (3) whether an award of attorney's fees against the offending party would deter other persons acting in similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merit of the parties' positions. *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592-93 (7th Cir. 2000) (citing *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998)). The second test looks "to whether or not the losing party's position was 'substantially justified.'" *Id*. at 593 (quoting *Quinn*, 161 F.3d at 478). Despite the existence of two tests, the Seventh Circuit has noted that "[r]egardless of which test is used . . . the question asked is essentially the same: '[W]as the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Id*. (quoting *Quinn*, 161 F.3d at 478).

Under either approach, the Plaintiff is entitled to fees resulting from the litigation that led to the Defendant's decision to approve the Plaintiff's claim for long term disability benefits. As to the first factor, the Defendant's culpability supports awarding the Plaintiff fees. The Defendant's reviewing physicians consistently and unreasonably discounted the Plaintiff's subjective complaints of pain and the resulting limitation on her activities. None of the Defendant's physicians acknowledged the Plaintiff's repeated complaints of pain, nor did they mention her treatment for such pain. Instead, all of the Defendant's physicians emphasized the lack of objective physical evidence of disability. This was erroneous, especially given that none

of the Defendant's physicians ever examined the Plaintiff.

The second factor of the five-part test, the Defendant's ability to pay a fee award, weighs in favor of a fee award. The third factor, whether an award would deter others from acting under similar circumstances also supports awarding fees. Such an award would deter other plans and plan administrators from taking similar actions in similar cases. However, the fourth factor, the amount of benefit conferred on members of the plan as a whole, tips in the Defendant's favor. Presumably, the Plaintiff sued solely to benefit herself, and the Court does not believe that the Plaintiff's case, which dealt with a very narrow issue, will have any broad ramifications. Finally, the fifth factor, the relative merit of the parties' positions, supports the Plaintiff's fee petition as the Court resolved the issue on the merits and remanded the case to the Defendant.

Under the second approach, the inquiry is whether the losing party's position was substantially justified. For the reasons explained above, the answer is "no." Moreover, there are no special circumstances that would make awarding attorneys' fees unjust in this case. Accordingly, the Plaintiff is entitled to a fee award under ERISA. The only issue remaining is the amount of that award.

In determining a reasonable fee, the Court applies the lodestar method as set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate); *see also Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009). Attorney Bridget O'Ryan claims that her hourly rate is $350 and she spent 203 hours representing the Plaintiff in this matter. Attorney Amanda Yonally alleges that her hourly rate is $225 and she spent 102.45 hours on this matter. In response, the Defendant argues that the fees claimed are "excessive because of the hourly

rates and the time expended."  Docket No. 125 at 6.

As to counsel's hourly rates, "[a]n attorney's market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the kind of work in question."  *Stark v. PPM America, Inc.*, 354 F.3d 666, 674 (7th Cir. 2004).  "The burden of proving the market rate is on the applicant."  *Id*.  Here, the Plaintiff has submitted affidavits from two out-of-state practitioners averring that the claimed hourly rates are reasonable.  *See* Docket No. 122 Ex. 4; Docket No. 122 Ex. 5.  However, this does not establish that the hourly rates claimed by Ms. O'Ryan and Ms. Yonally are reasonable in *their* community.  Nor does Ms. O'Ryan's self-serving affidavit stating that her "current hourly rate for representing clients in ERISA matters is $350," establish the current hourly rate in the community.  Docket No. 122 Ex. 6 ¶ 8.  A review of previous ERISA cases indicates that Ms. O'Ryan has previously claimed, and received, payment at an hourly rate of $240.  Accordingly, the Court will use that figure in this case.  As to Ms. Yonally, the Court will reduce her hourly rate by the same percentage and will calculate the lodstar using the hourly rate of $155.

The Defendant also takes issue with the number of hours that Plaintiff's counsel spent litigating this case.  Specifically, the Defendant claims that counsel should not recover fees for the 63.4 hours spent litigating discovery issues because "the time spent on discovery was unnecessary and Plaintiff was not successful."  Docket No. 125 at 9.  The Defendant also asserts that the 36.5 hours expended on the Plaintiff's motion to unseal should not be reimbursed.  The Defendant argues that "[i]t is difficult to see how this motion even if successful would have benefitted the Plaintiff" so "the time spent on this matter was . . . unnecessary for Plaintiff's case."  *Id*.

4

The Court agrees that the time spent on the motion to unseal was not necessary to this litigation. Accordingly, the Plaintiff is not entitled to fees for work incurred on this issue. However, this Court specifically concluded that discovery was appropriate in this matter. *See* Docket No. 58. Therefore, the Plaintiff may recoup her fees for time spent litigating the discovery issue. Finally, the Court notes that Ms. O'Ryan spent an additional 6.2 hours litigating the fee dispute. The Seventh Circuit recognizes that fee awards should include time that attorneys reasonably spend on the fee disputes. *See Stark*, 354 F.3d at 674. Thus, Ms. O'Ryan will also be compensated for this time.

For the foregoing reasons, the Plaintiff's Motion for Attorney Fees (Docket No. 122) is **GRANTED**. Attorney O'Ryan is entitled to fees in the amount of $41,448[1] and costs in the amount of $616.16. Attorney Yonally is entitled to fees in the amount of $15,879.75.[2]

SO ORDERED: 03/10/2011

William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Elizabeth A. McDuffie
Gonzalez Saggio & Harlan, LLP
liz_mcduffie@gshllp.com

---

[1] The Court reached this figure by multiplying the hourly rate of $240 by 172.7 hours of work. That is, 209.2 hours expended by Attorney O'Ryan, minus the 36.5 hours spent working on the motion to unseal.

[2] The Court reached this figure by multiplying the hourly rate of $155 by 102.45 hours of work.

Bridget L. O'Ryan
O'Ryan Law Firm
boryan@oryanlawfirm.com

Amanda Lynn Yonally
O'Ryan Law Firm
ayonally@oryanlawfirm.com